UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**ADNEXUS INCORPORATED, LLC,**

    *Plaintiff*,

v.                                                           Case No. 6:23-CV-0151-JKP

**LINKEDIN CORPORATION,**

    *Defendant*.

### MEMORANDUM OPINION AND ORDER

Before the Court is a *Motion to Dismiss for Improper Venue, or in the alternative, to Transfer to the Northern District of California, or Dismiss for Failure to State a Claim* (ECF No. 19) filed by Defendant LinkedIn Corporation. In response, Plaintiff filed a *Motion to Strike or in the alternative, Allow Plaintiff to Conduct Venue Related Discovery* (ECF No. 20). That responsive motion invoked a response from Defendant (ECF No. 21) and a reply brief from Plaintiff (ECF No. 22). Both motions are thus briefed and ready for ruling. After considering the motions, briefing, pleadings, and applicable law, the Court grants the alternative motion to transfer and denies the motion to strike.

### I. BACKGROUND

Plaintiff commenced this case in February 2023. *See* Compl. (ECF No. 1). It alleged, on information and belief, that "Defendant is a Delaware corporation with a principal address of 1000 West Maude Avenue, Sunnyvale, CA 94085 and has regular and established places of business throughout this District, including at least at 10900 Stonelake Boulevard, Suite 225, Austin, Texas 78759." *Id*. ¶ 2.

After Defendant complied with this Court's Standing Order (ECF No. 7), Plaintiff filed a Notice of Intent to Amend Complaint. *See* ECF No. 16. Plaintiff thereafter filed its First Amended Complaint. *See* ECF No. 17. It amended Paragraph 2 by changing the principal address, but

otherwise maintains that Defendant has regular and established places in the Western District of Texas. *See* id. ¶ 2.

In response to the amended complaint, Defendant filed the motion to dismiss now before the Court. Defendant primarily challenges venue in this case pursuant to Fed. R. Civ. P. 12(b)(3) – alternatively seeking either dismissal or transfer on that ground. As a final alternative, it also moves for dismissal under Fed. R. Civ. P. 12(b)(6).

Plaintiff responded to the motion to dismiss by moving to strike Defendant's motion for failure of Defendant to comply with this Court's Standing Order. Should its motion to strike fail, it moves in the alternative for venue-related discovery and an extension of time to respond to the motion of Defendant.

Defendant opposes the motion to strike and request for venue discovery. It also reiterates its request to dismiss or transfer this case due to venue issues. In reply, Plaintiff stands by both aspects of its motion, including its request for an extension of time to respond should the Court not strike Defendant's motion.

## II. MOTION TO STRIKE

Plaintiff premises its motion to strike entirely on a perceived noncompliance with this Court's Standing Order. It submits that the Standing Order, and in particular its provision for striking motions that lack a certificate of conference, applies to all motions filed pursuant to Fed. R. Civ. P. 12(b) and is not limited to motions filed under Rule 12(b)(6).

The Court has had few opportunities to address its fairly recent Standing Order. Still, earlier this year, the Court recognized that its "Standing Order is intended to advance cases efficiently and to minimize the cost of litigation." *Edgers v. PNC Fin. Servs. Grp.*, No. SA-22-CV-0996-JKP, 2023 WL 4093400, at *2 (W.D. Tex. June 20, 2023). Further, a "lack of compliance does not [always] frustrate the standing order's purpose, which is to give the nonmovant an opportunity to

amend its deficient pleading." *Invasix, Inc. v. Allmond*, No. SA-20-CV-01135-JKP, 2022 WL 4594030, at *1 (W.D. Tex. Sept. 28, 2022) (declining to deny the motion for lack of compliance while noting that the motion failed on its merits). And this Court has stated that the Standing Order "requires a 12(b)(6) movant to confer with opposing counsel and give them an opportunity to amend their pleading before filing a 12(b)(6) motion to dismiss." *Grisham v. Valenciano*, No. SA-21-CV-00983-JKP, 2023 WL 367216, at *2 (W.D. Tex. Jan. 20, 2023).

Although, as Plaintiff points out, the Standing Order uses some broad language that provides an arguable basis for its position that Defendant has not complied with its provisions, because it applies to all motions under Rule 12(b), not just those filed under Rule 12(b)(6). However, the context and structure of the Standing Order completely negate that argument.

By its title, the entirety of the first section of the Standing Order only relates to motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). The Standing Order sets out a three-step procedure that parties must follow before filing a Rule 12(b)(6) motion to dismiss. Step 1 requires counsel to confer and provide written notice before filing a Rule 12(b)(6) motion to dismiss. Step 2 concerns filing an amended pleading following the notification conference. Step 3 begins by stating that, if no amendment is filed by the established deadline, the defendant may then file a Rule 12(b)(6) motion to dismiss. And if an amendment has been filed by the established deadline, Step 3 further permits the defendant to file a motion to dismiss if the defendant believes the amended pleading remains deficient. That Step 3 has two bullet points that do not of themselves limit their requirements to Rule 12(b)(6) motions to dismiss does not make the bullet points applicable beyond the Rule 12(b)(6) context. As a whole, Step 3, like the entirety of Section 1 of the Standing Order, clearly and unambiguously applies only to motions to dismiss filed under Rule 12(b)(6). Thus, Section 1 of the Standing Order has no applicability to the instant motion to the extent Defendant relies on Rule 12(b)(3) or seeks a transfer under 28 U.S.C. § 1406.

At most, Section 1's applicability extends only to the alternative motion to dismiss asserted under Fed. R. Civ. P. 12(b)(6). Thus, while Step 3 of Section 1 indicates that the Court will strike any Rule 12(b) motion to dismiss that lacks a certificate of conference required by the Standing Order, the Court may properly implement that sanction by striking only that portion of the motion arising under Rule 12(b)(6). Striking the entirety of a Rule 12(b) motion that relies on multiple provisions for dismissal is unnecessary when the Rule 12(b)(6) component is easily separated from the other aspects of the motion, as is the case here. Defendant, moreover, appears to have abandoned its Rule 12(b)(6) alternative in response to the motion to strike.

Because Defendant has chosen not to pursue the Rule 12(b)(6) component of its motion as shown by its response to the motion to strike, the Court finds that component abandoned at this point and thus denies the motion to strike in its entirety. The Court's Standing Order has no applicability to the motion outside of Rule 12(b)(6).

### III. VENUE DISCOVERY

Plaintiff requests venue-related discovery before responding to Defendant's motion because Defendant did not raise any venue issue until it filed the motion to dismiss/transfer. But this proffered reason provides no basis for the requested discovery.

Courts have "broad discretion in all discovery matters." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). Parties "opposing dismissal and requesting discovery . . . bear the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir.2013)). They typically satisfy this burden through specific, crucial facts showing a need for discovery to withstand the motion presented. *See Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009). Discovery is not warranted, however, when "the record shows that the requested discovery is not likely to produce the facts needed to withstand [the] motion." *Id.* (citation omitted). When a party seeks venue-

related discovery, that party has the burden to articulate "how such discovery may support maintaining the action in this court." *Via Vadis, LLC v. Netgear, Inc.*, No. A-14-CV-809-LY, 2015 WL 10818675, at *3 (W.D. Tex. July 30, 2015).

Here, Plaintiff has made no effort to carry its burden. In its motion, it baldly asserts that it needs additional time to conduct discovery. But that assertion is insufficient. In its reply brief, Plaintiff recognizes its burden and attempts to rely on the discretionary nature of permitting discovery. But that discretion does not dispense with Plaintiff's burden. In reply, it premises its entire argument on (1) it has alleged that Defendant has a regular and established place of business in the Western District of Texas, (2) Defendant disputes the allegation, and (3) Plaintiff has requested discovery to determine the veracity of Defendant's claim and to properly defend the motion to dismiss. This does not carry Plaintiff's burden to show a need for discovery.

Through multiple declarations, Defendant has proffered evidence that it neither resides nor has any place of business in the Western District of Texas. Plaintiff has proffered nothing to the contrary. Nor has it substantiated or even claimed that Defendant's venue-related evidence is fraudulent or inaccurate. Plaintiff has identified no reason to believe that additional information would provide evidence that venue is proper in this District. It instead relies on an address of Defendant's parent company. But per a proffered declaration, Defendant lacks any control over operations, management, finances, or other aspect of its parent corporation. And, according to the same declaration, Defendant and its parent company do not share the same team of executives; they each observe all corporate formalities; Defendant has no offices in Texas; and Defendant does not own, operate, or control any business, office, warehouse, store, or real estate in this District. Furthermore, although Defendant has some employees working remotely in Texas, none are in the Western District, and Defendant, moreover, does not own or lease any of their homes, reimburse them for housing costs, or require them to store inventory, promotional materials, or any other

equipment in their homes.

It is within the Court's discretion "to deny discovery when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome." *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *4 (W.D. Tex. June 19, 2020). Because "Plaintiff has not provided the Court with an indication" that the declaration of Defendant "is inaccurate concerning Defendant's lack of presence in this District," Plaintiff has not carried its burden to show that venue-related discovery is warranted. *Id*. The Court thus denies the request for discovery. And it finds no need to provide Plaintiff additional time to respond to the motion of Defendant.

## IV. VENUE

Venue in this patent case is controlled by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where; the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). When a defendant challenges venue in a patent case through Fed. R. Civ. P. 12(b)(3), the plaintiff has the burden to establish that its chosen forum is the proper venue. *See id.* at 1013-14. When considering a Rule 12(b)(3) motion, courts may consider "evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). When the Court does not receive additional evidence on the matter, "a plaintiff may carry its burden by presenting facts, taken as true, that establish venue." *Aten Int'l Co. v. Emine Tech. Co.*, 261 F.R.D. 112, 121 (E.D. Tex. 2009); *accord Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

The Supreme Court has held "that a domestic corporation 'resides' only in its State of

6

incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). Plaintiff's own allegations show that Defendant does not reside in the Western District of Texas.

Absent residency, venue under § 1400(b) requires "a physical place in the district" that is "a regular and established place of business" of the defendant. *See ZTE*, 890 F.3d at 1014 (citation omitted). Courts consider several, non-exclusive factors, including

> "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," and "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself."

*Id.* at 1015 (quoting *In re Cray Inc.*, 871 F.3d 1355, 1363-64 (Fed. Cir. 2017)). Based on the submitted declarations from Defendant, the Court finds that Defendant does not maintain "a regular and established place of business" here. Plaintiff cannot simply rely on its allegations and as stated in the prior section, Plaintiff has not shown that venue-related discovery is warranted.

Because Plaintiff has not carried its burden to show that venue properly lies in the Western District of Texas, the Court grants Defendant's motion. But rather than dismiss this patent case, the Court finds that, for the reasons stated by Defendant, it is in the interest of justice to transfer the case to any district or division in which Plaintiff could have brought it. *See* 28 U.S.C. § 1406(a). And for the reasons stated by Defendant, Plaintiff could have brought this case in the Northern District of California.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Motion to Dismiss for Improper Venue, or in the alternative, to Transfer to the Northern District of California, or Dismiss for Failure to State a Claim* (ECF No. 19) filed by Defendant LinkedIn Corporation and **DENIES** the *Motion to Strike or in the alternative, Allow Plaintiff to Conduct Venue Related Discovery* (ECF No. 20) filed by Plaintiff. The Court grants the first motion and thus **TRANSFERS** the case to the Northern

7

District of California. **The Clerk of Court shall take the necessary steps to transfer this action in accordance with normal procedures.**

   It is so ORDERED this 3rd day of October 2023.

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**