Christopher Kao (SBN 237716)
Brock S. Weber (SBN 261383)
Surui Qu (SBN 332105)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone: 415.983.1000
Facsimile:  415.983.1200
christopher.kao@pillsburylaw.com
brock.weber@pillsburylaw.com
surui.qu@pillsburylaw.com

*Attorneys for Defendant*
LINKEDIN CORPORATION

David Newman (SBN 246351)
THE INTERNET LAW GROUP
9100 Wilshire Boulevard, Suite 725E
Beverly Hills, CA  90212
Telephone: (310) 910-1496
Email:  david@tilg.us

Joseph J. Zito  (*pro hac vice*)
WHITESTONE LAW
1850 Towers Crescent Plaza, #550
Tysons, VA  22182
Telephone: 202-466-3500
Email: jzito@whitestone.law

*Attorneys for Plaintiff*
ADNEXUS INCORPORATED, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADNEXUS INCORPORATED, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>LINKEDIN CORPORATION,<br><br>　　　　　　　Defendant. | Case No. 5:23-cv-05102-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Date</u>:  February 22, 2024<br><u>Time</u>:  1:00 PM<br><u>Judge</u>:  Honorable P. Casey Pitts<br><u>Courtroom</u>:  8, 4th Floor |

Plaintiff Adnexus Incorporated, LLC ("Adnexus") and Defendant LinkedIn Corporation ("LinkedIn") (together, the "Parties") hereby submit this Joint Case Management Statement in accordance with Federal Rules of Civil Procedure 26(f), Civil Local Rules 16-9 and 16-10, Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Court's Standing Order for Civil Cases, and the Court's January 3, 2024 Order (ECF No. 43).

### 1. Jurisdiction and Service

This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the U.S. Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. §§ 271 and 281.  No Party contests personal jurisdiction or service.

### 2. Facts

On February 23, 2023, Adnexus sued LinkedIn in the Western District of Texas for alleged infringement of U.S. Patent No. 8,719,101 (the "Patent-in-Suit").  (ECF No. 1.)  On May 30, 2023, Adnexus filed a First Amended Complaint, asserting the same patent.  (ECF No. 17.)  As alleged in the FAC, Adnexus has accused "LinkedIn Ads" and, specifically, LinkedIn's "online advertising solution known as LinkedIn Lead Gen Forms" of infringing the Patent-in-Suit (the "Accused Products").  Adnexus has also alleged that LinkedIn's infringement has been willful.

On June 30, 2023, LinkedIn moved to dismiss the case for improper venue, or in the alternative, to transfer to this District, or to dismiss for failure to state a claim.  (ECF No. 19.)  The Court granted the alternative motion to transfer.  (ECF No. 25.)  The case was officially transferred to this Court on October 5, 2023.  (ECF No. 27.)

On October 31, 2023, LinkedIn filed its Answer, in which LinkedIn denies that Adnexus is entitled to any relief whatsoever and further asserts that LinkedIn does not infringe the Patent-in-Suit under any theory, and that the Patent-in-Suit is invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.  (ECF No. 32.)

### 3. Principal Legal/Factual Issues in Dispute

The primary disputed legal/factual issues are:

1) Whether LinkedIn directly and/or indirectly infringes any asserted claim of the Patent-in-Suit;

2) Whether any infringement is willful;

3) Whether the asserted claims of the Patent-in-Suit are invalid under at least 35 U.S.C. §§ 101, 102, 103 and/or 112;

4) The extent of damages and/or other forms of relief (if any);

5) Whether Adnexus' claims are barred by affirmative defenses; and

6) Whether this is an exceptional case that merits an award of attorneys' fees and costs to the prevailing party.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4.     Motions**

The Parties have not discussed in detail any other anticipated motions. However, the Parties may seek entry of a protective order governing confidentiality in this action, as well as an order governing the treatment of electronically stored information in discovery.

LinkedIn also plans to file a motion under Rule 12 and/or Rule 56 that the asserted claims of the Patent-in-Suit are invalid under 35 U.S.C. § 101. Depending on the rulings of this Court with respect to claim construction, and the specific facts uncovered during discovery, the Parties also anticipate filing summary judgment motions and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

**5.     Amendment of Pleadings**

At this stage of the proceedings, the Parties do not anticipate amending any pleadings filed to date.

**6.     Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that the Parties have met and conferred pursuant to Federal Rules of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**

The Parties have not yet served initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1)(A). The Parties will exchange initial disclosures on March 7, 2024.

**8.     Discovery**

The Parties have not yet commenced merits discovery in this action. The Parties anticipate that the scope of discovery shall include the information in the proposed discovery plan, as set forth below:

**Federal Rule of Civil Procedure 26(f)(3)(A)**. The Parties incorporate by reference Section 7, *supra*, regarding initial disclosures required under Rule 26(a)(1).

**Federal Rule of Civil Procedure 26(f)(3)(B)**. The Parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2-3, *supra*, and the requested relief discussed in Section 11, *infra*. The parties reserve the right to amend the subjects for discovery pending further discovery and discussion between the Parties. The parties' proposed timing for completion of discovery is set forth in Section 15, *infra*.

**Federal Rule of Civil Procedure 26(f)(3)(C)-(D), (F)**. As discovery proceeds, the Parties will negotiate and move for/stipulate to a protective order and an e-discovery order. In the meantime, the Court's model protective order governs this action pursuant to Patent Local Rule 2-2.

**Federal Rule of Civil Procedure 26(f)(3)(E)**. At this time, the Parties do not anticipate a need to limit or modify the limits set by the Federal Rules of Civil Procedure, Civil Local Rules, or Patent Local Rules.

**Local Patent Rule 2-1(b)(1)—Proposed Modifications**.

The Parties do not propose any modifications to the obligations set forth in the Patent Local Rules, and propose the procedural deadlines as set forth in Section 15, *infra*.

**Local Patent Rule 2-1(b)(2)—Scope and Timing of Claim Construction Discovery**.

The Parties will provide disclosures required by the Patent Local Rules, including

Patent L.R. 4-1, 4-2 and 4-4.  The Parties propose the scope and timing of claim construction discovery as set forth in Section 15, *infra*.

**Local Patent Rule 2-1(b)(3)—Proposed Format of the Claim Construction Hearing**.

The Parties propose that the Claim Construction Hearing be conducted on a claim term by claim term basis, with the party seeking construction of the term presenting first or, if both Parties seek construction, Adnexus presenting first.  LinkedIn proposes that the Claim Construction Hearing consist of a 2-hour presentation, with one hour allotted to each side.

**Local Patent Rule 2-1(b)(4)—How Parties Intend to Educate the Court on Technology at Issue**.

The Parties propose educating the Court on the technology at issue through a tutorial in advance of the Claim Construction Hearing.  LinkedIn proposes a presentation of 30 minutes for each side.

**Local Patent Rule 2-1(b)(5)—Non-Binding, Good-Faith Estimate of Damages Range**.

Adnexus' Statement.  Adnexus cannot provide damages contentions until such time as LinkedIn provides damages discovery responses.

LinkedIn's Statement.  LinkedIn is unable to provide a damages estimate at this time.  In particular, the Parties have not yet commenced factual discovery.  LinkedIn anticipates receiving Adnexus' damages contentions in accordance with Patent Local Rule 3-8 and responding thereto in accordance with Patent Local Rule 3-9.

**9.     Class Actions**

This is not a class action.

**10.    Related Cases**

The Patent-in-Suit is asserted by Adnexus in *Adnexus Incorporated v. Meta Platforms, Inc.*, 6:23-cv-00152 (W.D. Tex.).

The Patent-in-Suit was also asserted by Adnexus in *Adnexus Incorporated, LLC v. Google LLC*, 6:23-cv-00150-JKP (W.D. Tex.) (dismissed on August 22, 2023), *Adnexus Incorporated, LLC*

*v. eBay Inc.*, 6:23-cv-00149-JKP (W.D. Tex.) (dismissed on July 31, 2023), and *Adnexus Incorporated v. Amazon.Com. Inc.*, 6:23-cv-00148-JKP (W.D. Tex.) (dismissed on July 26, 2023).

**11.  Relief**

Adnexus' Statement.

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the patent-in-suit;

B. A judgment that Defendant has induced infringement and continues to induce infringement of the patent-in-suit;

C. A judgment that Defendant has contributorily infringed and continues to contributorily infringe the patent-in-suit;

D. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post judgment interest on the damages awarded;

G. A judgment and order awarding a compulsory ongoing royalty;

H. A judgment and order awarding Plaintiff costs associated with bringing this action;

I. A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the patent-in-suit; and

J. Such other and further relief as the Court deems just and equitable.

LinkedIn's Statement.  LinkedIn denies that it has infringed any valid and enforceable claim of the Patent-in-Suit or that Adnexus is entitled to any relief in connection with the alleged infringement.  LinkedIn requests that the Court enter a judgment in its favor:

|   |   |   |
|---|---|---|
| A. | That Adnexus takes nothing and be denied relief whatsoever; |
| B. | That the operative complaint be dismissed on the merits and with prejudice; |
| C. | That the claims of the Patent-in-Suit be declared to be no infringed by LinkedIn; |
| D. | That the asserted claims of the Patent-in-Suit be declared to be invalid and/or unenforceable; |
| E. | That LinkedIn be awarded its costs incurred in connection with this action; |
| F. | That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that LinkedIn be awarded reasonable attorneys' fees; and |
| G. | That LinkedIn be awarded such other and further relief as the Court may deem just and proper. |

**12.    Settlement and ADR**

The Parties have not yet conducted ADR, but the parties have met and conferred pursuant to ADR L.R. 3-5.  The Parties remain open to settlement and agree to private mediation at a future date agreeable to both Parties.

**13.    Other References**

At this stage, the Parties do not believe that this action is suitable for reference to a binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

At this stage, the Parties are unable to narrow any issues by agreement or otherwise, but the Parties will meet and confer during the pendency of the action and will consider reasonable narrowing proposals as discovery progresses and/or the Court issues rulings, such as a claim construction order.

**15.    Scheduling**

The Parties' proposal is set forth in the chart below:

| Event | Parties' Proposal |
|---|---|
| Exchange of Initial Disclosures | March 7, 2024 |
| Disclosure of Asserted Claims and Infringement Contentions, and Accompanying Document Production by Adnexus [Patent L.R. 3-1, 3-2] | March 21, 2024 |

| Event | Parties' Proposal |
|---|---|
| Invalidity Contentions and Accompanying Document Production by LinkedIn [Patent L.R. 3-3, 3-4] | May 20, 2024 |
| Exchange of Proposed Terms for Construction [Patent L.R. 4-1] | June 3, 2024 |
| Exchange of Preliminary Claim Constructions and Preliminary Identification of Extrinsic Evidence [Patent L.R. 4-2] | June 17, 2024 |
| Meet and Confer to Discuss Preliminary Claim Construction and Extrinsic Evidence | June 24, 2024 |
| Damages Contentions by Adnexus [Patent L.R. 3-8] | July 2, 2024 |
| Joint Claim Construction and Prehearing Statement and Expert Reports [Patent L.R. 4-3] | July 12, 2024 |
| Responsive Damages Contentions by LinkedIn [Patent L.R. 3-9] | August 2, 2024 |
| Completion of Claim Construction Discovery [Patent L.R. 4-4] | August 13, 2024 |
| Opening Claim Construction Brief by Adnexus [Patent L.R. 4-5(a)] | August 27, 2024 |
| Responsive Claim Construction Brief by LinkedIn [Patent L.R. 4-5(b)] | September 10, 2024 |
| Reply Claim Construction Brief by Adnexus [Patent L.R. 4-5(c)] | September 17, 2024 |
| Filing of Damages Meeting Certification [Patent L.R. 3-10(b)] | September 24, 2024 |
| Claim Construction Technology Tutorial | *Subject to the convenience of the Court's calendar* |
| Claim Construction Hearing [Patent L.R. 4-6] | September 26, 2024 (Thursday), subject to the convenience of the Court's calendar |

| Event | Parties' Proposal |
|---|---|
| Disclosures per Patent L.R. 3-7 | No later than 30 days after service by the Court of its Claim Construction Ruling |
| Close of Fact Discovery | December 20, 2024 |
| Opening Expert Reports | January 24, 2025 |
| Rebuttal Expert Reports | February 21, 2025 |
| Close of Expert Discovery | March 7, 2025 |
| Deadline to file Dispositive and *Daubert* Motions | March 14, 2025 |
| Dispositive and *Daubert* Motions Hearing | May 15, 2025 (Thursday), subject to the convenience of the Court's calendar |
| Final Pretrial Conference | August 12, 2025 (Tuesday), subject to the convenience of the Court's calendar |
| Trial | August 18, 2025 (Monday), subject to the convenience of the Court's calendar |

**16.     Trial**

The Parties have requested a trial by jury of all issues so triable.

The Parties expect the trial to last approximately 5-7 days.

**17.     Disclosure of Non-party Interested Entities or Persons**

The Parties have each filed certifications pursuant to Rule 7.1 and L.R. 3-15.  (ECF Nos. 5, 33.)

**18.     Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters That Facilitate Just, Speedy and Inexpensive Disposition**

The Parties do not have further proposals at this time.

Dated: February 8, 2024       PILLSBURY WINTHROP SHAW PITTMAN LLP

                                        _/s/ Brock S. Weber_
                                        Brock S. Weber

                              Attorneys for Defendant LinkedIn Corporation

Dated: February 8, 2024       THE INTERNET LAW GROUP

                                        _/s/ David Newman_
                                        David Newman
                                        Joseph J. Zito

                              Attorneys for Plaintiff Adnexus Incorporated, LLC

## ATTESTATION

In accordance with Local Rule 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

                                        _/s/ Brock S. Weber_
                                        Brock S. Weber

Joint Case Management Statement          10          Case No. 23-cv-05102-PCP
                                                              4859-8382-0705

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 8, 2024, the foregoing document was electronically filed with the Clerk of the Court for the UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, using Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

                                */s/ Brock S. Weber*
                                  Brock S. Weber